UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 19-40365 |
| Michael M. Paczkowski, | |
| Debtor. | Chapter 7 |

| | |
|---|---|
| Casey Garven, Gina Garven, and DRMP Concrete, LLC, | |
| Plaintiffs, | Adv. Proc. No. 19-04140 |
| v. | |
| Michael M. Paczkowski, | |
| Defendant. | |

AMENDED ORDER AND MEMORANDUM DECISION

This matter came before the Court on Plaintiffs' motion for partial summary judgment (the "Motion"). [ECF No. 17.] Defendant filed a response. [ECF No. 18.] Plaintiffs filed a reply. [ECF No. 19.] The Court held a hearing and took the matter under advisement. The matter is now ready for disposition.

The parties have a history of State court litigation, including one default judgment and a jury verdict in favor of the Plaintiffs. The purpose of the Motion is to determine: (1) the preclusive effect, if any, of the jury verdict in the parties' prior State court litigation; and (2) whether Plaintiffs are entitled, as a matter of law, to an exception from discharge under 11 U.S.C. § 523(a)(4) or (6).

This is an adversary proceeding under Fed. R. Bankr. P. 7001. It is a core matter under 28 U.S.C. § 157(b)(2). This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. For the reasons stated herein, Plaintiffs' Motion is denied in part and granted in part.

## BACKGROUND

In February 2017, Casey and Gina Garven (the "Garven Plaintiffs") entered into a written agreement with Michael Paczkowski (the "Debtor") and DRMP Concrete LLC ("DRMP"), an entity wholly owned by Debtor, for the construction of a concrete patio and fireplace, among other residential improvements. The resulting work was allegedly defective. The Garven Plaintiffs sued Debtor and DRMP for breach of contract and negligence in the Carver County District Court (Court File No. 10-CV-17-945) (the "Construction Litigation"). Default judgment was entered against Debtor on October 26, 2017, in the amount of $66,553.32.

To collect on said judgment, the Garven Plaintiffs served post-judgment discovery requests on Debtor. (Klobucar Decl., Ex. B.) Debtor failed to respond. On May 28, 2018, the Garven Plaintiffs obtained a writ of execution, delivered it to the Wright County Sheriff, and requested the Sheriff levy the writ on Debtor's ownership interests in DRMP. (Klobucar Decl., Ex. C.) The Sheriff served Debtor with the writ and scheduled an execution sale for August 1, 2018. (Klobucar Decl., Ex. D.) The Garven Plaintiffs acquired 100% of the membership interests of DRMP at the sale on August 1, 2018.

Shortly after, the Garven Plaintiffs learned that DRMP had no assets. They

moved to compel post-judgment discovery responses from Debtor. The State court granted their motion. But again, Debtor failed to respond. After continued refusals, Debtor was eventually held in contempt of court and sentenced to 30 days' incarceration. (Klobucar Decl., Ex. J.) Debtor's jail sentence was stayed pending compliance with several purge conditions. A hearing was set for February 13, 2019, to determine whether Debtor had purged his contempt.

One day before the hearing—on February 12, 2019—Debtor filed for bankruptcy. On May 28, 2019, the Garven Plaintiffs and DRMP (collectively, the "Plaintiffs") commenced this adversary proceeding against Debtor, alleging *inter alia* their claims were nondischargeable under 11 U.S.C. § 523(a)(4) and (6). On June 5, 2019, Plaintiffs moved this Court for relief from the automatic stay to litigate their claim under Minn. Stat. § 513.44, also known as the Minnesota Uniform Voidable Transactions Act or "MUVTA", in State court. (In re Paczkowski, Case No. 19-40365, ECF No. 17.) On September 19, 2019, this Court granted Plaintiffs' motion. (Id., ECF No. 36.) On that same day, this Court entered an order staying this adversary proceeding while the State court litigation was pending. [ECF No. 9.]

On September 27, 2019, the Garven Plaintiffs commenced a second State court action (Court File No. 10-CV-19-956, referred to herein as the "MUVTA Litigation") against Debtor and his affiliates for alleged violations of MUVTA. (Klobucar Decl., Ex. N.) In April 2022, the parties proceeded to a jury trial. The jury answered the following questions in the affirmative:

3

    1.    Did Michael Paczkowski, in his capacity as the sole member of DRMP Concrete, LLC, transfer cash and assets of DRMP Concrete, LLC to Complete Exteriors, LLC?

    2.    Did Michael Paczkowski, in his capacity as the sole member of DRMP Concrete, LLC, transfer cash and assets of DRMP Concrete, LLC to Complete Exteriors, LLC with the intent to hinder, delay, or defraud his creditors, Casey Garven and Gina Garven?

    3.    Were Casey Garven and Gina Garven damaged by Michael Paczkowski's transfer of cash and assets of DRMP Concrete, LLC to Complete Exteriors, LLC?

(Klobucar Decl., Ex. K, ¶¶ 1-3.) The jury answered a fourth question in favor of the Garven Plaintiffs, indicating they were entitled to damages in the amount of $173,875. (Klobucar Decl., Ex. K, ¶ 4.) The State court adopted the jury verdict as its findings of fact and entered a judgment in favor of the Garven Plaintiffs against Debtor and Complete Exteriors, LLC, his wholly owned affiliate, in the amount of $173,875. (Klobucar Decl., Ex. L, ¶¶ 3-5.)

## DISCUSSION

### I. Summary Judgment Standard

For Plaintiffs to prevail on the Motion, they must demonstrate there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law for embezzlement or larceny under § 523(a)(4), or for willful and malicious injury under § 523(a)(6). Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56(c)). Movant bears the burden of proof and must show that there is no genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a motion for summary judgment "must set forth specific facts showing that there is a

4

genuine issue for trial," and may not rest on mere allegations or denials of the pleadings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## II. Doctrine of Collateral Estoppel

As a general matter, creditors may invoke collateral estoppel in the context of nondischargeability litigation under § 523(a). Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991). The purpose of collateral estoppel is to prevent "relitigation of issues which are both identical to those issues already litigated by the parties in a prior action and necessary and essential to the resulting judgment." Ellis v. Minneapolis Comm'n on Civil Rights., 319 N.W.2d 702, 703 (Minn. 1982). In this specific matter, Plaintiffs invoked the doctrine because they believe all factual issues necessary to prove the elements of embezzlement or larceny under § 523(a)(4), or for willful and malicious injury under § 523(a)(6) were already decided in the MUVTA Litigation.

The substantive law of the forum State determines the preclusive effect of a prior State court judgment. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999). The MUVTA Litigation was tried before a jury in Minnesota. Under Minnesota law, collateral estoppel applies if: (1) the present issue is identical to that in the prior adjudication; (2) there was a final adjudication on the merits; (3) the estopped party was a party, or in privity with a party, to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the issue. Kvalvog v. Park Christian Sch., Inc., No. 22-1315, 2023 WL 3240217, at *2 (8th Cir. May 4, 2023), (citing to Illinois Farmers Ins. Co. v. Reed, 662 N.W.2d 529, 531 (Minn. 2003)); In re Kantos for Cash Flow Management, Inc.,

5

579 B.R. 846, 852 n.3 (B.A.P. 8th Cir. 2018). The parties do not dispute that the second, third and fourth elements are satisfied. They disagree, however, whether the issues in the MUVTA Litigation are relevant for a determination of nondischargeability under § 523(a)(4) or (6). Fischer, 171 F.3d at 641. To decide whether there is an identity of issues, the Court will review the findings of fact adopted in the MUVTA Litigation and compare such findings to the required elements for embezzlement or larceny under § 523(a)(4), or for willful and malicious injury under § 523(a)(6). See id.

### III.   Embezzlement and Larceny Under 11 U.S.C. § 523(a)(4)

Plaintiffs are not entitled to summary judgement for embezzlement or larceny under § 523(a)(4). "Embezzlement, for purposes of section 523(a)(4), is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hand it has lawfully come." First Nat'l Bank of Fayetteville v. Phillips (In re Phillips), 882 F.2d 302, 304 (8th Cir.1989). "[O]ne cannot embezzle one's own property." Arvest Morg. Co. v. Nail (In re Nail), 680 F.3d 1036, 1042 (8th Cir. 2012) (quoting In re Belfry, 862 F.2d 661, 662 (8th Cir.1988)). In this matter, the jury in the MUVTA Litigation specifically found that Debtor transferred assets of DRMP Concrete, LLC to Complete Exteriors, LLC "in his capacity as the sole member of DRMP Concrete, LLC…." (Klobucar Decl., Ex. L, ¶¶ 2-3.) If Debtor was the sole member of DRMP at the time of the transfers, the prior court's findings do not support a conclusion that Debtor transferred "property of another." On the contrary, the findings in the MUVTA Litigation confirm Debtor

6

transferred assets he either directly or indirectly owned. As a matter of law, such transfers do not constitute embezzlement under § 523(a)(4).

Next, "[l]arceny is the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." Rech v. Burgess (In re Burgess), 106 B.R. 612, 622 (Bankr. D. Neb. 1989) (citations omitted). The larceny exception does not apply if the initial possession of the property at issue was lawful. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993) (citing Rech, 106 B.R. at 622). Because Debtor was DRMP's sole owner at the time of the transfers, Debtor's possession of any DRMP assets would have been lawful, and he could not have converted DRMP's property "without the consent of the owner." Moreover, the Garven Plaintiffs had served a writ of execution on Debtor, which foreshadowed their eventual ownership of DRMP, but there are no findings in the MUVTA Litigation that establish the Garven Plaintiffs owned DRMP or its assets at the time of the transfers, nor is there a finding of damages for DRMP.

In sum, the findings in the MUVTA Litigation confirm that Debtor's conduct cannot constitute larceny or embezzlement as a matter of law. Therefore, to the extent the Motion seeks summary judgment under § 523(a)(4), it is denied, and the doctrine of collateral estoppel precludes any of the parties hereto from relitigating these issues in this adversary proceeding.

### IV. Willful and Malicious Injury Under 11 U.S.C. § 523(a)(6)

In the MUVTA Litigation, there was an express finding that Debtor

7

transferred cash and assets from one solely owned entity to another "with the intent to hinder, delay, or defraud his creditors, Casey Garven and Gina Garven." (Klobucar Decl., Ex. L, ¶¶ 2-3.) Post-*Husky*, this finding is an ideal predicate for an exception from discharge for fraud under § 523(a)(2), but the existence of a MUVTA judgment alone does not mandate the same result under § 523(a)(6). See Husky Int'l Elecs., Inc. v. Ritz, 578 U.S. 356, 366 (2016) ("actual fraud" under (a)(2) encompasses fraudulent conveyances); Quarre' v. Saylor (In re Saylor), 178 B.R. 209, (9th Cir. BAP 1995), aff'd 108 F.3d 219 (9th Cir.1997). For the exception under § 523(a)(6) to apply, the creditor must demonstrate "willful and malicious injury by the debtor" to another person or their property. For Plaintiffs to prevail, three elements must be satisfied: (1) the debtor caused an injury to the creditor; (2) the injury was willfully inflicted; and (3) the debtor's action was malicious. Luebbert v. Glob. Control Sys. (In re Luebbert), 987 F.3d 771, 778 (8th Cir. 2021). The "willful" and "malicious" elements are distinct: a debtor's conduct must be both "(1) headstrong and knowing ('willful') and, (2) targeted at the creditor ('malicious'), at least in the sense that the conduct is certain or almost certain to cause financial harm." Barclays American/Business Credit, Inc. v. Long (In re Long), 774 F.2d 875, 881 (8th Cir. 1985).

The first required element under § 523(a)(6) is the injury. Luebbert, 987 F.3d at 778. An injury refers to the "invasion of the legal rights of another, because the word 'injury' usually connotes legal injury (injuria) in the technical sense, not simply harm to a person." Geiger v. Kawaauhau (In re Geiger), 113 F.3d 848, 852

(8th Cir. 1997) (en banc), aff'd by Kawaauhau v. Geiger, 523 U.S. 57 (1998). Here, the jury found "that Casey Garven and Gina Garven were damaged by Michael Paczkowski's transfer of cash and assets of DRMP Concrete, LLC to Complete Exteriors, LLC." (Klobucar Decl., Ex. L, ¶ 4.) Furthermore, the jury found damages in the amount of $173,875 would "fairly and adequately compensate" the Garven Plaintiffs for Debtor's conduct.[1] (Klobucar Decl., Ex. L, ¶ 5.) It is clear the existence of an "injury" by Debtor to the Garven Plaintiffs was litigated and determined in the MUVTA Litigation. The "injury" element under § 523(a)(6) is satisfied and the parties may not relitigate that issue in this proceeding.

Second, the "willful" element of § 523(a)(6) requires a deliberate or intentional injury, not just a deliberate or intentional act that leads to an injury. Kawaauhau, 523 U.S. at 61. To evaluate the willfulness of an injury, the Court must inquire into a debtor's subjective intent to cause the specific injury that occurred. Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008). Proof of subjective intent to cause the injury may be satisfied by "proof that the debtor desired to bring about the injury or was, in fact, substantially certain that his conduct would result in the injury that occurred." Id. at 1180-81. On the second element, there is no genuine issue of material fact: Debtor acted intentionally to cause injury by transferring cash and assets from DRMP to Complete Exteriors.

---

[1] Minn. Stat. § 513.48(b)(1) limits a creditor's recovery on a MUVTA judgment to the value of the asset(s) transferred (in this case $173,875), or the amount necessary to satisfy such creditor's preexisting claim, whichever is less. This Court's determination regarding the nondischargeability of Debtor's debt to the Garven Plaintiffs pursuant to 11 U.S.C. § 523(a) does not preclude Debtor from litigating the allowed amount of their claims under the Bankruptcy Code or the amount necessary to satisfy their claims under Minn. Stat. § 513.48(b)(1).

The jury specifically found that Debtor made the transfers with the "*intent* to hinder, delay, or defraud." (Klobucar Decl., Ex. L, Order for Judgment ¶ 3 ) (emphasis added). Although the Special Verdict in the MUVTA Litigation does not use the word "willful", it necessarily follows that Debtor did not simply transfer cash and assets in the ordinary course; he made the transfers with the subjective intent of frustrating his creditors' rights, which in fact occurred. See Kawaauhau, 523 U.S. at 61. The "willfulness" requirement has been satisfied because the findings in the MUVTA Litigation support an inference that Debtor knew or should have been substantially certain his conduct would cause the injury that occurred. Luebbert, 987 F.3d at 782.

The third element required by § 523(a)(6) is "maliciousness." Luebbert, 987 F.3d at 778, 780-81. A mere violation of legal rights does not imply malice absent additional aggravated circumstances. Id. Malice requires conduct that is more culpable than reckless disregard of a creditor's economic interests. Long, 774 F.2d at 882; Johnson v. Logue (In re Logue), 294 B.R. 59, 63 (B.A.P. 8th Cir. 2003). A debtor's actions are malicious if they are "targeted at the creditor." Long, 774 F.2d at 881; Osborne v. Stage (In re Stage), 321 B.R. 486, 493 (B.A.P. 8th Cir. 2005). On the third element, there is no genuine issue of material fact. The MUVTA Litigation established Debtor intended to "hinder, delay or defraud his creditors, Casey Garven and Gina Garven," i.e., the conduct was "targeted" at the Garven Plaintiffs. (Klobucar Decl., Ex. K, ¶ 3.) Debtor testified he used the transferred cash and assets to buy materials, pay contractors and keep his business afloat. However, the Special

10

Verdict implies the jury did not find this testimony persuasive. When read together, the findings and damages award confirm the jury determined that all of the transfers were made by Debtor with the intention to cause economic harm to the Garven Plaintiffs. (Klobucar Decl., Ex. K, ¶¶ 1-4.) This is sufficient, as a matter of law, to constitute maliciousness. Because the findings in the MUVTA Litigation demonstrate all three elements of a "willful and malicious injury" under § 523(a)(6), Debtor is estopped from relitigating or contesting the nondischargeability of the Garven Plaintiffs' claim.

## CONCLUSION

ACCORDINGLY, IT IS ORDERED:

1. The Motion is DENIED WITH PREJUDICE to the extent it seeks judgment as a matter of law for embezzlement or larceny under 11 U.S.C. § 523(a)(4).
2. The Motion is GRANTED to the extent it seeks judgment as a matter of law for willful and malicious injury under 11 U.S.C. § 523(a)(6).
3. The Garven Plaintiffs' claim against Debtor shall be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: *May 22, 2023*

*/e/Kesha L. Tanabe*
Kesha L. Tanabe
United States Bankruptcy Judge